# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CASE NO. 1:22-CR-00086-BAH |
| ) | JUDGE BERYL A. HOWELL |
| MICHAEL LEE ROCHE ) | |

## MICHAEL LEE ROCHE'S SENTENCING MEMORANDUM

Michael Lee Roche entered the U.S. Capitol on January 6, 2021, and remained in the building for approximately twenty-five (25) minutes (2:45 p.m.-3:10 p.m.). At no time either before entering the building, while in the building, or after leaving the building did Mr. Roche engage in any threatening or assaultive behavior. In addition, at no time did Mr. Roche commit any act of vandalism while at the U.S. Capitol, either in the building or on its grounds. Mr. Roche walked into the U.S. Capitol, went to the Senate Floor, and prayed. When asked to leave the Senate Floor, he did so peacefully. He then walked out of the U.S. Capitol. Michael Lee Roche has always acknowledged his actions and is remorseful for his actions.

Mr. Roche hereby requests this Honorable Court to sentence him to probation for a term that the Court deems appropriate. In justifying the requested sentence, Mr. Roche will address the relevant §3553(a) factors later in this sentencing memorandum. However, he will first address the one objection he has to the presentence investigation report.

## **Objection To The Three-Point Enhancement**
## **Pursuant To U.S.S.G. §2J1.2(b)(2)**

Over the defendant's objection, the U.S. Probation Office has included in its sentencing guidelines calculation a three-point enhancement pursuant to U.S.S.G. §2J1.2(b)(2) based upon the conclusion that Mr. Roche's actions "resulted in substantial interference with the administration of of justice." (See PSR page 15, paragraph 45). Application Note 1 to U.S.S.G. §2J1.2(b)(2) states, "'Substantial interference with the administration of justice' includes a premature or improper termination of a felony investigation; an indictment, verdict, or any judicial determination based upon perjury, false testimony, or other false evidence; or the unnecessary expenditure of substantial governmental or court resources." This is clearly not applicable in this case. This enhancement clearly relates to criminal investigations and criminal proceedings, not certifications of elections. See *United States of America v. Hunter Seefried*, 2022 WL 16528415, (October 29, 2022).

## **Nature and circumstances of the offense**

Mr. Roche stipulated to his conduct while at the U.S. Capitol, facts which the Court has found comprise the offenses of conviction. The presentence investigation report, in paragraphs 8-27, includes the stipulated-to facts.

The video evidence in this case shows Mr. Roche entering the U.S. Capitol without vandalizing anything or resisting law enforcement. While in the U.S. Capitol, Mr. Roche walked calmly by himself (for some of the time) through the U.S. Capitol. He went to the Senate Floor wherein he raised his hand and said, "Jesus

Christ, we invoke your name." When asked to leave by what appears to be U.S. Capitol police, he left the U.S. Capitol in a peaceful manner.

## History and character of Mr. Roche

Mr. Roche is twenty-eight (28) years old. He was born and raised near Springfield, Missouri. He currently lives in Arizona. As the presentence investigation report indicates, Mr. Roche had a turbulent upbringing.

Mr. Roche has been in a relationship with a significant other for eight years. Mr. Roche has two biological children, age 6 and age 3, as well as a step-daughter, age 9. They live together in Arizona.

Mr. Roche has earned a GED. He has a significant work history and currently works as a freelance musician with his brother.

Mr. Roche has one criminal history criminal point resulting from a conditional diversionary plea to misdemeanor theft over six years ago for stealing three silk ties a phone charger from Wal-Mart. The items were valued at $26.86.

**The need for the sentence imposed**
  **(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**
  **(B) to afford adequate deterrence to criminal conduct;**
  **(C) to protect the public from further crimes of the defendant; and**
  **(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

A sentence of up to five years of probation would reflect the seriousness of the offenses as reflected by the specific conduct of Mr. Roche, would promote respect for the law and provide a just punishment for the individual actions of Mr. Roche. Such

a sentence will afford adequate deterrence to criminal conduct and will protect the public from further crimes of Mr. Roche. Mr. Roche is now a convicted felon, a fact that will have serious consequences for him in the future. As the Court is aware, probation is not a non-punishment. It is a very serious punishment. Probation restricts one's liberty, holds one accountable for years to a supervisory authority, and allows a supervisory authority to monitor one's conduct. It is an appropriate punishment in this case.

This case is unique when discussing the need for general deterrence. Due to the nature and publicity surrounding the January 6th cases that have been charged and concluded over approximately two years, almost every person in the United States has been put on notice as to the potential consequences to them should they endeavor to repeat what happened on January 6, 2021. Mr. Roche's sentence in this case will not necessarily add to or take away from the message that has already been sent by the courts in the many other similar cases to Mr. Roche's.

## The kinds of sentences available and the sentencing range

Mr. Roche is subject to a maximum sentence of twenty years imprisonment, a maximum term of supervised release of not more than three years, and a $100,000.00 fine. The government and the U.S. Probation Office believe that the applicable sentencing guidelines range in this case is 15 to 21 months. Mr. Roche has noted his objection to the legal calculations in the presentence investigation report and submits that the correct sentencing guideline range in this case is 10-16 months, a Zone C

sentence. The Court may either sentence Mr. Roche to a sentence of up to twenty years imprisonment followed by a three-year term of supervised release, or the Court may sentence Mr. Roche to a sentence of up to five years of probation, with conditions associated with the probation.

Mr. Roche requests the Court to waive any fine in this case as Mr. Roche cannot afford to pay a fine. Mr. Roche further requests, if he is sentenced to a period of imprisonment, that he be allowed to voluntary surrender to serve his sentence. He has complied with all conditions of pretrial release, and the U.S. Probation Office has found that Mr. Roche is a good candidate for voluntary surrender.

Based upon the foregoing, Mr. Roche hereby requests this Honorable Court to sentence him to probation for a term that the Court deems appropriate.

Respectfully submitted,

s/ ***Paul Bruno***
Paul Bruno, B.P.R. #17275
Attorney for Michael Lee Roche
Barrett, Johnston, Martin & Garrison, LLC
414 Union Street, Suite 900
Nashville, TN 37219
(615) 244-2202
pbruno@barrettjohnston.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing *Michael Lee Roche's Sentencing Memorandum* has been emailed to Christopher Amore, Assistant United States Attorney, DOJ-USAO, District of New Jersey, 970 Broad Street, Suite 700, Newark, New Jersey 07102, on this the 31st day of May, 2023.

s/ ***Paul Bruno***
Paul J. Bruno