UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL LEE ROCHE,<br><br>Defendant. | Criminal Action No. 22-86<br><br>Judge Beryl A. Howell |

**MEMORANDUM OPINION**

Pending before the Court is defendant Michael Lee Roche's Motion for Release Pending Appeal ("Def.'s Mot."), ECF No. 89, which the government opposes, Gov't's Opp'n Def.'s Mot. Release Pending Appeal ("Gov't's Opp'n"), ECF No. 90. For the reasons stated below, defendant's motion for release pending appeal will be GRANTED insofar as his release pending appeal is authorized at the expiration of a term of incarceration on his two convictions for Class A misdemeanors, but only if, at that time, the appeal before the Supreme Court in *United States v. Fischer,* No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023), remains pending or the Supreme Court has reached a resolution requiring vacatur of defendant's felony conviction, under 18 U.S.C. § 1512(c)(2).

**I. BACKGROUND**

Defendant was convicted, following a stipulated bench trial, on March 10, 2023, of a single felony offense for Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count One), and five misdemeanor offenses, including Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count Two), Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count Three), Entering and Remaining on the Floor of Congress, in violation

1

of 40 U.S.C. § 5104(e)(2)(A) (Count Four), Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Five), and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Six).  Judgment at 1–2, ECF No. 73.  Defendant was on pretrial release pending trial from the time of his arrest, on April 13, 2021, and then continued on release status after his sentencing hearing, until he self-surrendered to the U.S. Bureau of Prisons, on July 5, 2023.  Def.'s Mot. at 4.

At the sentencing hearing, on June 9, 2023, the Court determined the applicable advisory guidelines sentencing range for defendant, who was in Criminal History Category I and had a total offense level of 14, to be 15 to 21 months' imprisonment.  Sentencing Tr. at 22:18–21, ECF No. 87.  Specifically, as to Count One, U.S.S.G. § 2J1.2(a) applied with a base offense level of 14, which was increased by 3 offense levels, pursuant to U.S.S.G. § 2J1.2(b)(2), "because the offense resulted in the substantial interference with the administration of justice, specifically the proceedings of Congress," resulting in a total offense level of 17, *id.* at 22:02–11.  This total offense level was reduced by 3 offense levels to account for defendant's acceptance of responsibility and application of the guidelines at 3E1.1(a) and (b).  *Id.* at 22:12–15.  Counts One, Two, and Three were grouped together under the highest offense level, here, Count One, *see* U.S.S.G. § 3D1.2(b), and the total offense level was 14, which, combined with a criminal history category of I, produced an advisory guidelines range of 15 to 21 months' imprisonment.  Sentencing Tr. at 22:18–21.  This sentencing range exceeded the statutory maximum for the Class A misdemeanors charged in Counts Two and Three, such that the range for those two counts was 12 months' incarceration.  *See* U.S.S.G. § 5G1.2(a) ("Where the statutorily authorized maximum

sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline range.").[1]

Defendant was sentenced to concurrent terms, on Count One, to 18 months' imprisonment; on Counts Two and Three, to the statutory maxima of 12 months' imprisonment; and, on Counts Four, Five, and Six to 6 months' imprisonment, to be followed by concurrent terms of supervised release, on Count One, of 36 months and, on Counts Two and Three, of 12 months. Sentencing Tr. at 61:02–13; *see also* 18 U.S.C. § 1752(b)(2) ("The punishment for a violation of subsection (a) is . . . imprisonment for not more than one year[.]"); 40 U.S.C. § 5109(b) ("A person violating section [5104(e)(2)] . . . shall be . . . imprisoned for not more than six months[.]").

Given defendant's satisfactory compliance while on pretrial release pending both trial and sentencing, defendant was permitted, with the government's consent, to self-surrender to the facility to which he was designated by BOP to serve his term of imprisonment. Sentencing Tr. at 65:14–17. He timely self-surrendered on July 5, 2023. *See* Def.'s Mot. at 3.

Prior to his self-surrender, defendant filed a notice of appeal of his conviction and sentence, on June 20, 2023. *See* Notice of Appeal at 1, ECF No. 75.[2] After defendant's appeal of judgment had been pending for nearly nine months, on March 21, 2024, the D.C. Circuit ordered that his appeal be held in abeyance pending appeal to the Supreme Court of *United States v. Fischer*, No. 22-3038. *See* Order, No. 23-3094 (D.C. Cir. Mar. 21, 2024). The Supreme Court granted certiorari

---

[1] The sentencing guidelines are inapplicable to Counts Four, Five, or Six, which are Class B misdemeanors each carrying a maximum sentence of six months' imprisonment. *See* U.S.S.G. § 1B1.9; 40 U.S.C. § 5109(b).

[2] In pretrial motions, defendant moved, *inter alia*, to dismiss Count One of the Indictment charging him with obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2), on grounds that Congress's certification of the Electoral College vote on January 6, 2021, did not qualify as an "official proceeding," as the term is used in 18 U.S.C. § 1512(c)(2), and that "the alleged obstruction act was not taken with respect to any document, record or object." Def.'s Mot. Dismiss Count One at 1, ECF No. 39. This motion was denied after a motion hearing conducted by the Honorable Thomas F. Hogan, before this case was reassigned to the undersigned. Minute Entry (November 28, 2022).

in *Fischer* on December 13, 2023. *United States v. Fischer,* 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023).

On March 4, 2024, defendant filed the pending motion, under 18 U.S.C. § 3143(b), for "release pending appeal" given the Supreme Court's grant of *certiorari* in *Fischer*, *see* No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023), arguing that success on his appeal "would very likely result in a reduced imprisonment sentence that would expire before his appeal concludes," Def.'s Mot. at 6, "he will not flee and is not a safety risk," *id*. at 4, and that the grant of *certiorari* raises a "substantial question of law," *id.* at 5. With the filing of the government's opposition, *see* Gov't's Opp'n, and defendant's reply on March 22, 2024, Def.'s Reply to Gov't's Opp'n to Mot. for Release Pending Appeal ("Def.'s Reply"), ECF No. 91, this motion is ripe for resolution.[3]

## II. DISCUSSION

Courts are directed to "order the release" of an individual pending appeal upon finding, first, "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," 18 U.S.C. § 3143(b)(1), and, second, "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" at least one of four enumerated outcomes, including, in relevant part, "(i) reversal, . . . or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process," *id*. § 3143(b)(1)(B); *see also* Charles Alan Wright et al., 3B FED. PRAC. & PROC. CRIM. § 770 (4th ed.). Defendant bears the burden of showing that both statutory prongs are met. *See United States v. Perholtz*, 836 F.2d 554, 555–56 (D.C. Cir. 1987) (per curiam) (recognizing "the required showing on the part of the defendant" as

---

[3] The government also filed a supplemental brief, on March 26, 2024, in opposition to defendant's motion for release pending appeal, which retracts an argument made in its main opposition. Gov't's Suppl. Opp'n to Def's Mot. for Release Pending Appeal, ECF No. 92.

to "whether [an] appeal 'raises a substantial question of law or fact likely to result in reversal'" (quoting 18 U.S.C. § 3143(b)(1)(B))); *see also United States v. Zimny*, 857 F.3d 97, 101 (1st Cir. 2017) ("[Defendant] has met his burden to show entitlement to release from custody pending appeal under § 3143(b)(1)[.]"); *United States v. Libby*, 498 F. Supp. 2d 1, 3 (D.D.C. 2007) ("In enacting § 3143(b), Congress placed the burden as to all elements bearing on whether to grant bail pending appeal on the defendant." (quotation marks, brackets, and citation omitted)).  These standards are met in the instant case.

First, this Court finds, by clear and convincing evidence, that defendant "is not likely to flee or pose a danger . . . if released." 18 U.S.C. § 3143(b)(1)(A).  Although the government notes that defendant was an active participate in the riot that overwhelmed law enforcement on January 6, 2021, and his troubling conduct included "march[ing] up to the Vice President's desk and celebrat[ing] with the other rioters," *see* Gov't's Opp'n at 7, the government did not seek pretrial detention and raised no objection to defendant remaining on release pending sentencing and allowing defendant to self-surrender following sentencing.  *See* Order Setting Conditions of Release, ECF No. 9; Sentencing Tr. at 65:10–17.  Prior to self-surrendering, defendant was "self-employed in a business with his brother and supporting his partner and their two young children." Def.'s Mot. at 4.  Defendant cites his close relationship with his family and his role as a provider for his two young children as reason to believe that he will not flee or pose a danger to the community, "because doing so would risk his ability to remain with and provide for his family." *Id.* at 4–5.

Notwithstanding this record, the government contends that defendant may pose a danger to others given that "we are entering a presidential election year," and argues that defendant cannot show that "he would not encourage and engage in such conduct again." Gov't's Opp'n at 8.

5

Although this concern is legitimate, the Court is not persuaded that this defendant would pose a danger to others, where defendant complied with the conditions of release pending trial and sentencing, and upon release, will again be placed under supervision. *See* Def.'s Mot. at 4–5.

Second, defendant's appeal must not be "for the purpose of delay" and must "raise[] a substantial question of law or fact." 18 U.S.C. § 3143(b)(1)(B). Here, the government raises no objection that defendant is pursuing the appeal for any purpose of delay, nor that his appeal raises a substantial question of law or fact. *See* Gov't's Opp'n at 7 (disputing some factors while "assuming the pending decisions in *Fischer* and *Brock* raise a 'substantial question'"). As to the substantial question requirement, defendant challenges his conviction on Count One, arguing that his conduct does not fall within the scope of 18 U.S.C. § 1512(c)(2), *see* Def.'s Mot. at 5–6, which argument was rejected by another judge of this Court when presented in defendant's pretrial motion to dismiss, consistent with subsequent rulings by the D.C. Circuit in *Fischer*, 64 F.4th at 350, and *United States v. Robertson*, 86 F.4th 355, 381 (D.C. Cir. 2023); *see also United States v. Brock*, 94 F.4th 39, 46–47 (D.C. Cir. 2024) (observing that "[t]his court has already held that Section 1512(c)(2) is not limited to evidence-related acts" and "serves as a 'catch-all' provision 'that covers otherwise obstructive behavior that might not constitute a more specific offense involving documents, records, or objects under [Section] 1512(c)(1)'" (quoting *Fischer*, 64 F.4th at 337 (formatting modified))). The Supreme Court granted *certiorari* to resolve whether Section 1512(c)(2) applies to "acts unrelated to investigations and evidence," one basis for defendant's appeal of his Section 1512(c)(2) conviction. *See Fischer v. United States*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023) (granting petition for *certiorari*); Pet. Writ of Certiorari § i, *Fischer v. United States*, No. 23-5572 (Sept. 11, 2023) (presenting the question whether "the D.C. Circuit

err[ed] in construing 18 U.S.C. § 1512(c) . . . which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence").

"[A] substantial question" means "a close question or one that very well could be decided the other way." *Perholtz*, 836 F.2d at 555 (quotation marks and citations omitted).  This is a "demanding standard . . . to accord with the expressed congressional intent to increase the required showing on the part of the defendant." *Id*. at 555–56.  This Court finds that the question on appeal of whether the conduct for which defendant has been convicted in Count One falls within Section 1512(c)(2)'s ambit satisfies this standard, as other Judges on this Court have likewise concluded when considering the release pending the Supreme Court's resolution of the *Fischer* appeal of a defendant convicted of a single felony Section 1512(c)(2) charge, and any other convictions for only misdemeanor charges, when the defendant had already served close to or more than twelve months in prison.  *See, e.g., United States v. Sheppard*, No. 21-cr-203 (JDB), 2024 WL 127016, at *3 (D.D.C. Jan. 11, 2024); *United States v. Weyer*, No. 22-cr-40 (JEB), 2024 WL 809962, at *3 (D.D.C. Feb. 27, 2024); *United States v. Adams*, No. 21-cr-354 (APM), 2024 WL 111802, at *2 (D.D.C. Jan. 10, 2024); *see also United States v. Bender*, 21-cr-508 (BAH), 2024 WL 960999, at *6 (D.D.C. Mar. 6, 2024); *United States v. Bledsoe*, 21-cr-204 (BAH), 2024 WL 341159, at *6 (D.D.C. Jan. 30, 2024); *accord* Minute Order, *United States v. Clark*, No. 21-cr-538 (DLF) (D.D.C. Dec. 21, 2023) (granting defendant's motion to stay self-surrender date pending resolution of *Fischer*).

Defendant may be overly optimistic that the Supreme Court's resolution of *Fischer* may be favorable to him, given that the D.C. Circuit has twice upheld, over lone dissents, the application of Section 1512(c)(2) to obstructive conduct designed "to stop Congress from certifying the results of the 2020 presidential election," *Fischer*, 64 F.4th at 335; *see also Robertson*, 86 F.4th at 375–

76, and the "striking" "near unanimity of [] rulings" by every other Judge on this Court, with one exception, that "adopted the broad reading of the statute . . . to uphold the prosecution of defendants who allegedly participated in the Capitol riot," *Fischer* 64 F.4th at 338 & n.3 (collecting cases); *see also* United States Br. Opp. Pet. Certiorari, *Fischer v. United States*, No. 23-5572, 2023 WL 7164427, at *20 n.3 (Oct. 30, 2023) ("[E]very other district judge in the District of Columbia has now rejected the interpretation adopted by the district judge here." (citations omitted)).[4] At the same time, *Fischer* produced three separate decisions, including a dissent, and such fractured appellate decision-making does suggest a "close question" that, at a minimum, is not frivolous. *Accord Adams*, 2024 WL 111802, at *2 ("[T]he Supreme Court's decision to review *Fischer* means, at a minimum, that this case poses a 'close question.'").

The third prerequisite for release pending appeal is that reversal of defendant's conviction under Section 1512(c)(2) is likely to result in "reversal," 18 U.S.C. § 3143(b)(1)(B)(i), or "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process," *id.* § 3143(b)(1)(B)(iv). At the outset, a favorable ruling for defendant in *Fischer* would not result in "reversal" within the meaning of Section

---

[4] *See also United States v. Gillespie*, No. 1:22-cr-60, 2022 WL 17262218, at *3–6 (D.D.C. Nov. 29, 2022) (Howell, J.); *United States v. Hale-Cusanelli*, 628 F. Supp. 3d 320, 325–26 (D.D.C. 2022) (McFadden, J.); *United States v. Robertson*, 610 F. Supp. 3d 229, 232–36 (D.D.C. 2022) (Cooper, J.), *aff'd*, 86 F.4th 355 (D.C. Cir. 2023), *and aff'd*, 84 F.4th 1045 (D.C. Cir. 2023); *United States v. Williams*, No. 21-cr-618, 2022 WL 2237301, at *8–17 (D.D.C. June 22, 2022) (Berman Jackson, J.); *United States v. Fitzsimons*, 605 F. Supp. 3d 132, 137–151 (D.D.C. 2022) (Contreras, J.), *appeal docketed*, No. 23-3123 (D.C. Cir. Aug. 1, 2023); *United States v. Bingert*, 605 F. Supp. 3d 111, 118–28 (D.D.C. 2022) (Lamberth, J.); *United States v. McHugh*, No. 21-cr-453, 2022 WL 1302880, at *2–12 (D.D.C. May 2, 2022) (Bates, J.); *United States v. Puma*, 596 F. Supp. 3d 90, 96–108 (D.D.C. 2022) (Friedman, J.); *United States v. Grider*, 585 F. Supp. 3d 21, 27–34 (D.D.C. 2022) (Kollar-Kotelly, J.); *United States v. Montgomery*, 578 F. Supp. 3d 54, 69–87 (D.D.C. 2021) (Moss, J.); *United States v. Nordean*, 579 F. Supp. 3d 28, 42–54 (D.D.C. 2021) (Kelly, J.); *United States v. Mostofsky*, 579 F. Supp. 3d 9, 24–27 (D.D.C. 2021) (Boasberg, J.); *United States v. Caldwell*, 581 F. Supp. 3d 1, 11–34 (D.D.C. 2021) (Mehta, J.); *United States v. Sandlin*, 575 F. Supp. 3d 16, 21–34 (D.D.C. 2021) (Friedrich, J.); *but see United States v. Miller*, 589 F. Supp. 3d 60, 66–79 (D.D.C.) (Nichols, J.), *reconsideration denied*, 605 F. Supp. 3d 63 (D.D.C. 2022), *and rev'd and remanded sub nom. United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023); *United States v. Fischer*, No. 1:21-cr-234 (CJN), 2022 WL 782413, at *4 (D.D.C. Mar. 15, 2022) (Nichols, J.), *rev'd and remanded*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023); Minute Order, *United States v. Lang*, No. 1:21-cr-53 (CJN) (D.D.C. June 7, 2022) (Nichols, J.).

3143(b)(1)(B)(i), for while such ruling may require vacatur of defendant's Section 1512(c)(2) conviction, defendant remains convicted on five misdemeanor counts. *See Perholtz*, 836 F.2d at 557 (stating the appeal must "raise[] a substantial question likely to result in reversal of *all* counts on which imprisonment is imposed" (emphasis supplied) (citation omitted)). Vacatur of defendant's Section 1512(c)(2) conviction would, however, likely "result in . . . a reduced sentence" in his term of imprisonment. 18 U.S.C. § 3143(b)(1)(B)(iv).

Defendant posits that he would be subject to a substantially lower sentencing guideline range were he to succeed on his appeal, with the applicable statutory maximum capping the applicable sentencing range at 12 months, pursuant to U.S.S.G. § 5G1.1. He argues that under the "sentencing-package doctrine, the misdemeanor sentences would be vacated should the felony obstruction conviction be reversed," Def.'s Mot. at 7, and that absent his felony conviction, he would likely be sentenced to "two months' incarceration or less or to probation with home detention," *id*. The government responds that the remedy for the relief defendant requests is not to release him now, but to order him "released only once he has served the amount of time he is likely to serve upon resentencing," and that in any resentencing, defendant's convictions on the five misdemeanor counts could be served consecutively such as to form a total sentence of incarceration greater than 12 months. Gov't's Opp'n at 10. While possible, imposing consecutive sentences on defendant's five misdemeanors, as the government proposes, would be a departure from both default practice under federal law, *see* 18 U.S. Code § 3584(a) ("Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively."), and the position adopted by this Court at defendant's sentencing in the instant case, where the government did not seek consecutive terms of imprisonment, *see generally* Gov't's Sentencing Mem., ECF No. 70, resulting in an order to

9

concurrent terms of imprisonment on all Counts, *see* Sentencing Tr. at 61:02–13.  In short, should defendant's conviction under Section 1512(c)(2) be vacated, he would face a "likely reduced sentence."[5]

The Supreme Court is anticipated to decide *Fischer* by the time its current term ends in June 2024, at which point defendant will have served approximately eleven months in custody. The decision by the Supreme Court will not have immediate effect, and by the time the Supreme Court's mandate issues and the case has been remanded to the district court, if a resentencing is necessary, defendant may have served a longer period of time imprisoned than could be sustained by his convictions on the remaining misdemeanor counts.  The Court will thus order defendant released when he has served twelve months in prison, on July 6, 2024, but this order may be revoked depending on the Supreme Court's decision in *Fischer*.  *See Shepphard*, 2024 WL 127016, at *5 (setting prospective release date for January 6 defendant asking for release from custody pending Supreme Court decision in *Fischer*); *United States v. Bender*, No. 21-cr-508 (BAH), 2024 WL 960999, at *6 (D.D.C. Mar. 6, 2024) (same).

While defendant appears to request his release for the duration of his appeal before the D.C. Circuit, his prospective release now is predicated only on satisfaction of the statutory

---

[5] Defendant also argues in his motion that the D.C. Circuit's March 1, 2024 decision in *United States v. Brock*, 94 F.4th at 45, holding that the specific offense characteristic ("SOC") provided by U.S.S.G. § 2J1.2(b)(2) does not apply to convictions, under 18 U.S.C. § 1512(c)(2), for conduct disrupting the counting and certification of the electoral college votes by the Congress on January 6, 2021, would have a substantial impact on his sentence, since this SOC was applied in determining defendant's advisory sentencing range, Def.'s Mot. at 5–6.  Should defendant's felony obstruction conviction remain intact, following the Supreme Court's resolution of the pending appeal in *Fischer*, the *Brock* decision's impact on the ultimate sentence imposed in this case is likely minimal, given the Court's discretion to vary upwards, as appropriate to account for the seriousness of the offense conduct, and alternative upward departure provisions authoring the same, including for significant disruption of a critical and important governmental function as a result of defendants' offense conduct.  *See, e.g.,* U.S.S.G. §§ 5K2.0(a)(2), 5K2.7; *see also United States v. Hale-Cusanelli*, 21-cr-37 (TNM), Sentencing Tr. at 86:01–07, ECF No. 120 ("Regardless of whether the 'administration of justice' language actually applies to this situation, I have no doubt that the Commission would have intended for this to apply to substantial interference with an official proceeding like a certification process, which is itself more significant than almost any court proceeding.").

standard, under 18 U.S.C. § 3143(b), as to Count One and thus may be revoked depending on the Supreme Court's decision in *Fischer*.

## III. CONCLUSION

For the reasons set forth above, defendant's Motion for Release Pending Appeal, ECF No. 89, is GRANTED, but only prospectively, effective July 6, 2024. An order consistent with this Memorandum Opinion will be filed contemporaneously.

Date: March 28, 2024

_____
**BERYL A. HOWELL**
United States District Judge