UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MICHAEL ROCHE )<br>)<br>Defendant. )<br>) | Case. No. 22-cr-86 (BAH) |

### DEFENDANT'S MOTION FOR CLARIFICATION OF COURT'S ORDER ON HIS MOTION FOR RELEASE PENDING APPEAL

Michael Roche, through counsel, respectfully moves this Court for clarification as to whether, when the Court stated that Mr. Roche "shall be released from the custody of the U.S. Bureau of Prisons on July 6, 2024," the Court intended for its order to supersede the ordinary operation of Bureau of Prisons "good time" and First Step Act credits. This clarification question is important: Mr. Roche surrendered to the Bureau of Prisons on July 5, 2023. If "good time" credit is accounted for, he should be released immediately. If the Court did not intend for him to receive the credit typically afforded BOP inmates who incur no violations, he will be released on July 6, 2024. In support of this Motion, Mr. Roche states:

This Court is well familiar with the background of this case. Following a stipulated bench trial, Mr. Roche was convicted of one felony and five misdemeanor offenses. Following those convictions, Mr. Roche was sentenced to an aggregate term of 18 months (18 months on the felony count, 12 months as to two of the misdemeanors counts, and 6 months as to the remaining misdemeanor counts, all to

1

run concurrently), followed by 36 months of supervised release. Mr. Roche timely appealed.

On March 28, 2024, this Court granted Mr. Roche's Motion for Release Pending Appeal, which he filed after he started serving his sentence. In its Memorandum Opinion, the Court concluded that by the time the Supreme Court's mandate issues in *United States v. Fischer*, 144 S. Ct. 537, 537 (2023), Mr. Roche's term of incarceration may exceed the limits on his remaining misdemeanor convictions, and thus ordered his release "when he has served twelve months in prison." Mem. Op. at 10.

The purpose of the Court's sentencing analysis in granting Mr. Roche's Motion for Release Pending Appeal was to determine whether the substantial question raised by his appeal is likely to result in a reduced sentence. This means the Court was in essence calculating what Mr. Roche's sentence would be in the event his argument were successful in order to avoid the possibility of his over-serving time in prison. That would-be sentence should operate like any other and be subject to Bureau of Prison credits as they typically operate.

It stands to reason that because the Court's release date is based upon the sentence Mr. Roche would receive on remand, Mr. Roche's release date should account for "good time" credit he has earned by being a model prisoner. If "good time" credit is accounted for, he should be released immediately. The Court appears to have considered this when it calculated Mr. Roche's would-be sentence at 12 months and a day. However, the Bureau of Prisons has read the Court's order to preclude the

operation of BOP credit rules (see Exhibit A). Mr. Roche therefore respectfully asks this Court to clarify that BOP credits would apply to the Court's order and the July 6, 2024 release date and attaches a proposed order for the Court's consideration.

Respectfully Submitted,

A. J. KRAMER

Federal Public Defender for the
District of Columbia

_____s/_____
Isra J. Bhatty
Assistant Federal Public Defender
625 Indiana Avenue, NW
Washington D.C. 20004
202 208-7500